IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| VICTOR HACKETT, | : | |
| Petitioner, | : | |
| v. | : | Civ. Act. No. 16-741-LPS |
| DANA METZGER, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : | |
| Respondents. | : | |

## MEMORANDUM OPINION

Victor Hackett. *Pro se* Petitioner.

Martin B. O'Connor, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Attorney for Respondents.

September 30, 2019
Wilmington, Delaware

**STARK, U.S. District Judge:**

Pending before the Court is an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition") filed by Petitioner Victor Hackett ("Petitioner"). (D.I. 1) The State filed an Answer in opposition, to which Petitioner filed a Reply. (D.I. 8; D.I. 13) For the reasons discussed, the Court will deny the Petition.

## I. BACKGROUND

On December 4, 2006, Petitioner pled guilty to possession with intent to deliver cocaine. (D.I. 8 at 2) On February 16, 2007, the Superior Court sentenced him as a habitual offender to twenty years at Level V, suspended after fifteen mandatory years, followed by probation. Petitioner did not file a direct appeal.

On November 13, 2007, Petitioner filed a motion for correction of sentence, which the Superior Court denied on December 12, 2007. (D.I. 8 at 2) The Delaware Supreme Court affirmed that decision on May 28, 2008. *See Hackett v. State*, 956 A.2d 642 (Table), 2008 WL 2192164 (Del. May 28, 2008).

On January 2, 2008, Petitioner filed a *pro se* motion for post-conviction relief under Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). (D.I. 8 at 2) The Superior Court denied the Rule 61 motion. Petitioner appealed. The Delaware Supreme Court granted the State's motion to remand, and the Superior Court denied the Rule 61 motion on March 3, 2010. (D.I. 8 at 2-3) It appears that Petitioner did not appeal that decision.

On November 26, 2014, Petitioner filed a motion for correction of sentence pursuant to Superior Court Criminal Rule 35(a), claiming that the suspended portion of his sentence violated 11 Del. C. § 4214(a). The Superior Court construed the motion as a Rule 35(b) motion for correction of sentence, and denied it as untimely filed. On appeal, the Delaware Supreme Court determined the motion was timely, and remanded the matter for resentencing, consistent with 11 Del. C.

§ 4214(a). (D.I. 8 at 3; *see also Hackett v. State*, 119 A.3d 42 (Table), 2015 WL 4463789 (Del. July 21, 2015)) The Superior Court resentenced Petitioner on December 5, 2015 to fifteen years at Level V, followed by nine months at Level IV, followed by eighteen months at Level III probation. The Superior Court imposed the Level V portion of the amended sentence pursuant to 11 Del. C. 4214(a), and the Level IV and Level III portions of the amended sentence pursuant to 11 Del. C. 4204(a). (D.I. 8 at 4)

Petitioner appealed the December 5, 2015 sentence, contending that a sentence imposed under § 4214(a) could not include probation. Alternatively, Petitioner argued that, if the sentence could include probation, the probationary period could not exceed six months. (D.I. 8 at 4) The Delaware Supreme Court affirmed the sentence on July 18, 2016. *See Hackett v. State*, 144 A.3d 552 (Table), 2016 WL 4091242 (Del. July 18, 2016).

## II. DISCUSSION

A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Claims based on errors of state law are not cognizable on federal habeas review, and federal courts cannot re-examine state court determinations of state law issues. *See Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975) ("State courts are the ultimate expositors of state law."); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

In his sole ground for relief, Petitioner asserts that the Delaware statutes under which he was sentenced in December 2015 – § 4214(a) and § 4204(1) – are "internally contradictory." He also asks the Court to rule upon the following question that the state courts declined to address: if

2

Petitioner completes the Level V portion of his sentence, what happens if he violates the probation imposed pursuant to § 4204(1). (D.I. 1)

As an initial matter, the Court will not address Petitioner's question about the effect of a possible probation violation, as this seeks an impermissible advisory and hypothetical opinion. *See, e.g., Princeton University v. Schmid,* 455 U.S. 100, 102 (1982) (explaining that federal courts "do not sit to decide hypothetical issues or to give advisory opinions about issues as to which there are not adverse parties before them"). Petitioner's argument that § 4214(a) and § 4204(1) are "internally contradictory" is similarly unavailing, because it fails to assert an issue cognizable on federal habeas review. Petitioner presented the argument to the Delaware Supreme Court as an issue of state law, and the Delaware Supreme Court rejected the argument based upon settled Delaware law and that Court's interpretation of state law. In turn, Petitioner's instant presentation of the argument is based entirely on Delaware law and fails to implicate federal law. Given these circumstances, the Court will deny Petitioner's sole ground for relief because it fails to assert a proper basis for federal habeas relief.

### III. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

The Court has concluded that the Petition does not warrant relief, and reasonable jurists would not find this conclusion to be debatable. Accordingly, the Court declines to issue a certificate of appealability.

## IV. CONCLUSION

For the reasons discussed, Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is denied in its entirety without a hearing. An appropriate Order will be entered.